WALTER J. ROTHSCHILD, Judge.
Ochsner Health Plan, Inc. (OHP) appeals from a summary judgment rendered in favor of St. Charles Parish Hospital. For the reasons stated more fully herein, we reverse the trial court’s judgment and render partial summary judgment in favor of OHP. The matter is further remanded to the trial court for further proceedings consistent with this opinion.

*887
Facts and Procedural History

Ochsner Health Plan is licensed by the State of Louisiana as a Health Maintenance Organization (HMO) which provides medical benefits for its members. Additionally, OHP contracted with the Centers for Medicare and Medicaid Services, the federal agency which regulates Medicare, to participate as a Medicare + Choice organization. In connection with this status as health insurance issuer, OHP contracted with numerous providers of medical services which make up its network of providers. As provided by contract, these medical service providers are paid a predetermined amount by OHP for medical services rendered to OHP members.
| ^During all applicable periods herein, St. Charles Parish Hospital was not in OHP’s network of providers, and there was no contract between OHP and the Hospital. OHP was nevertheless obligated by federal regulation to pay for services rendered by the Hospital to OHP members. However, because there is no contract between these parties, the amount of such payment is not subject to a negotiated rate. Rather, the required payment is governed by federal regulation.
Specifically, 42 CFR 422.214(b) provides in part:
(b) Services furnished by section 1861(u) providers of service.
Any provider of services as defined in section 1861(u) of the Act that does not have in effect a contract establishing payment amounts for services furnished ■ to a beneficiary enrolled in an M + C [Medicare + Choice] coordinated care plan or M+C private fee-for-service plan must accept as payment in full the amounts ... that it could collect if the beneficiary were enrolled in original Medicare.
Ochsner Health Plan conducted an audit in 2002 of the payments made to St. Charles Parish Hospital for outpatient services furnished to enrollees of its Medicare + Choice plan from January 1, 1998 to determine whether payments made to the Hospital were in excess of amounts required by the Medicare law. Based on the audit, OHP determined that during this time period, the Hospital had been overpaid a total amount of $85,337.53 Thereafter, OHP sent two demand letters to the Hospital dated May 10, 2002 and May 15, 2002 seeking a refund of these overpay-ments.
On January 9, 2003, St. Charles Parish Hospital filed a petition for declaratory judgment against OHP seeking a judgment that no overpayments had been received by the Hospital from OHP. This suit was filed in response to the demand letters sent by OHP to the Hospital seeking a refund. The petition further alleged that OHP’s demand for a refund of any | ¿overpayments made to the Hospital was untimely pursuant to the provisions of Regulation 74 of the Louisiana Department of Insurance.
OHP answered this petition, and also filed a reconventional demand against the Hospital seeking a refund of the overpay-ments made to the Hospital for treatment of OHP members. Thereafter, OHP filed a motion for partial summary judgment solely on the issue of liability, arguing that the Hospital was required by law to reimburse OHP for the alleged overpayments. St. Charles Parish Hospital also moved for summary judgment declaring that it is entitled to retain all funds paid by OHP for the treatment of its plan members.
The trial court heard both motions on September 4, 2003. The trial court denied the motion filed by OHP and granted summary judgment in favor of St. Charles Parish Hospital. OHP now appeals, argu *888 ing that the trial court erred in its application of Department of Insurance Regulation 74 and seeking a partial summary judgment in its favor on the issue of liability.

Analysis

The parties in this matter do not dispute that as an out-of-network provider, the Hospital must accept as payment for services furnished to an OHP Medicare + Choice member the amounts that it could collect if the patient were enrolled in original Medicare. Further, the parties do not dispute that the amount that could have been collected if the OHP members were enrolled in Medicare was less than the amount paid to the Hospital by OHP. However, the dispute in this case centers on the appropriate time frame for filing a claim for recovery of such overpayments.
In granting summary judgment in favor of the Hospital, the trial court held that OHP’s claims for recovery are time-barred as a matter of law, |firelying on certain provisions of Regulation 74 of the Louisiana Department of Insurance, which states in pertinent part:
Section 6015. Limitations on Claim Filing and Audits
A. Health insurance issuers that limit the period of time that a claim may be filed for payment of benefits shall have the same limited period of time following payment of such claims to perform any review of audit for purposes of reconsidering the validity of such claims.
On appeal, OHP contends that the trial court’s reliance on Regulation 74 of the Louisiana Department of Insurance is misplaced. We agree.
Regulation 74 is promulgated in LAC 37:XIII, Chapter 60 and governs the payment of health coverage claims by health insurance issuers and preferred provider organizations. The stated purpose of the regulation as contained in Section 6001 is to implement the statutory requirements of health insurance issuers under Title 22 of the Louisiana Revised Statutes of 1950, which establishes the statutory requirements for payment of claims by health insurance issuers serving residents of Louisiana. Section 6015 of the Regulation governs the limitations on claim filing and audits, and provides that health insurance issuers (such as OHP) that limit the period of time that a claim may be filed for payment of benefits shall have the same amount of time following payment of such claims to conduct and perform any review or audit of such payments.
There is no dispute in the present case that the Hospital was not part of OHP’s network of providers. Further, the record is clear that there was no contract in existence between OHP and the Hospital during any relevant time period herein specifically limiting the period of time that the Hospital could file a claim with OHP for benefits.
Un support of its position that Regulation 74 applies to OHP’s claim for reimbursement, the Hospital submitted the two affidavits of Debra Homer, director of business services for the Hospital. In her first affidavit, Ms. Homer stated that in her experience, she believed that it was the practice of OHP to require submission of claims for payment within 90 days from the date of the service. In her second affidavit, Ms. Homer stated that an OHP employee informed her in a telephone conversation four days before the summary judgment hearing that OHP set a one year period for out-of-network providers to submit claims for payment, although she stated she still believed there was a 90 day limitation in effect at the time the Hospital rendered services to OHP members.
*889 The record also contains a copy of correspondence from counsel for OHP which states that although OHP limits claims filed by its network providers to 90 days, OHP does not have a limitation applicable to the filing of claims by service providers which are not within OHP’s network and which are not subjected to the same contractual requirement as the network providers. Additionally, the record contains an affidavit of George Renaudin, II, a senior vice president for OHP, who states that OHP has no requirement that providers with whom it has no contract submit their claims within any specific time frame.
The question of whether OHP as a health insurance issuer required the Hospital to submit claims within a limited time period is disputed by the parties. OHP cites to federal regulation, 42 CFR 424.44, which governs the filing of Medicare claims as evidence that such claims are not required to be submitted within 90 days. We also find that the affidavits submitted by the Hospital do not conclusively show that OHP limited the period of time in which a claim for payment could be submitted by an out-of-network 17provider. In fact, the affidavits submitted by the Hospital are conflicting in their account of the time period within which a claim may be filed.
As the record in this matter fails to conclusively show that OHP’s claim for reimbursement was time-barred by the provisions of Regulation 74, the trial court erred in granting summary judgment in favor of the Hospital on this basis. Rather, our review of the record fails to reveal evidentiary support for the Hospital’s claim that OHP limits out-of-network providers to a specified period within which to file a claim.
Further, our review of the record shows that OHP is legally entitled to receive reimbursement for any overpay-ments made to the Hospital. Federal Medicare regulations, specifically 42 CFR 422.214(b), provides that the Hospital must accept as payment in full from OHP the amount it could have collected if the beneficiary were enrolled in original Medicare. Although it is undisputed that the Hospital billed OHP for more than this amount and received payment accordingly, OHP retained the right to audit the amount paid and to seek reimbursement if necessary.
Based on the record before us, we find no factual dispute that the Hospital was overpaid for services rendered or that OHP is legally entitled to claim reimbursement for the overpayment. Under these circumstances, OHP is entitled to judgment as a matter of law that the Hospital is obligated to reimburse the overpay-ments made during the applicable periods.

Conclusion

Accordingly, the summary judgment of the trial court in favor of St. Charles Parish Hospital and against Ochsner Health Plan, Inc. is hereby reversed. We hereby render partial summary judgment in favor of Ochsner Health Plan, Inc. and against St. Charles Paris Hospital based on our determination that OHP is entitled as a matter of law to recover 18overpayments made to the Hospital pursuant to federal regulation. The matter is further remanded to the trial court for a determination of the amount of reimbursement owed to OHP. St. Charles Parish Hospital shall bear all costs of this appeal.

REVERSED AND RENDERED; CASE REMANDED.